"IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN NATHANIEL BACON, | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00572<br>) |
| v. | ) **OPINION**<br>) |
| MS. J. MESSER, ET AL., | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Adrian Nathaniel Bacon, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that officials in the Virginia Department of Corrections ("VDOC") have violated his constitutional rights by failing to process his grievances correctly and by depriving him of his color television set. The court filed the action on condition that the plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while the plaintiff has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice as legally frivolous.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must

establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

Bacon's claims are brief and to the point:

> (GC) Ms. J. Messer has continuously denied me my right to due process as set out in the Institutional Operating Procedure. Each time I try to grieve something she either rejects it or stills [sic] it or falsif[ies] a response.
>
> . . . .
>
> (WRD) Mr. Curtis Parr in his supervisor capacity after being notified on more than one occasion of (GC) Ms. J. Messer's actions along with his decision to return grievances for intake review has still failed to addess the issue.
>
> . . . .
>
> Sgt. Stanwick & C/O Hylton deprived me of my 13″ KTV color TV & cable cord. Then upon leaving [their] care, they failed to ship it with me therefore breaching a contract.

(Compl. 2.) As relief, Bacon seeks replacement of his television and recovery of costs for bringing this action.

Bacon attempts to equate state prison grievance procedures with federal due process. No such correlation exists. It is well established that inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, a prison official's failure to comply with an existing state grievance procedure does not violate any

constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Bacon has no actionable claim under § 1983, based on prison officials' unsatisfactory responses to his informal complaints, grievances, and appeals, and I will summarily dismiss his grievance procedure claims without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

Bacon's claim concerning the loss of his television is also legally frivolous. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Section 1983 actions were intended to vindicate federal rights, not tort claims for which there are adequate state law remedies or violations of state laws or regulations, such as the VDOC property procedures. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Because Bacon possessed tort remedies under Virginia state law to seek reimbursement, *see* Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim for the alleged loss of his television or other property items. Moreover, officials' alleged violations of prison regulations regarding Bacon's property items do not implicate any constitutionally protected right and so are not actionable under § 1983. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 392 (4th Cir. 1990).

For these reasons, even assuming that Bacon could prove his factual allegations that the defendants intentionally failed to retain and forward his property to him after his transfer, those facts do not support any claim of constitutional significance as required for relief under § 1983. Accordingly, I must dismiss Bacon's complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

A separate final order will be entered herewith.

DATED: January 6, 2015

/s/ James P. Jones
United States District Judge

-4-

Case 7:14-cv-00572-JPJ-RSB   Document 13   Filed 01/06/15   Page 4 of 4   Pageid#: 50